## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FRANK M. GARGIULO & SON, INC., | : | |
| | : | **Civil Action No. 23-3094 (JXN) (JBC)** |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| VILLA PIZZA ENTERPRISES LTD, INC., | : | |
| *et al*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**NEALS**, District Judge:

This is an action for non-payment of certain invoices for the sale of perishable food products, that is, produce, in violation of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq* (hereinafter "PACA"). Presently before the Court is a motion by Plaintiff Frank Gargiulo & Son, Inc. d/b/a Gargiulo Produce ("Plaintiff" or "Gargiulo") seeking an order to show cause for preliminary injunction with temporary restraints, filed on an *ex parte* basis by Plaintiff on June 21, 2023 [ECF No. 5]. The Court has reviewed the papers and concludes that Plaintiff has not demonstrated, as required by Local Civil Rule 65.1, that issuance of emergency relief, without notice to Defendants, is warranted or that the Court should proceed to consider the application for injunctive relief on an expedited basis, by order to show cause, as requested by Plaintiff.

In the Complaint, filed on June 6, 2023, Gargiulo alleges that between January 23, 2020 and March 11, 2020, it sold and delivered wholesale amounts of produce worth $2,882.75 (the "Produce") to Defendants. Compl. ¶ 11. Gargiulo further alleges that Defendants accepted the Produce and agreed to pay Plaintiff that principal amount pursuant to the parties' contracts. *Id.* According to the Complaint, at the time the Produce was delivered and accepted, Gargiulo became

a beneficiary in a floating, non-segregated statutory trust ("PACA Trust") designed to assure payment to produce suppliers. *Id.* ¶ 12.  In its application for temporary restraints, Gargiulo claims that "Defendants' failure, refusal and inability to pay the amount due for produce in the amount of $2,882.75 demonstrate that Defendants are failing to maintain sufficient assets in the statutory trust, and have dissipated and will continue to dissipate trust assets belonging to [Plaintiff]." Pakulsky Decl. ¶ 13, ECF No. 5-3.

District of New Jersey Local Civil Rule 65.1 states that "no order to show cause to bring on a matter for hearing will be granted except on a clear and specific showing by affidavit or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary."  L. Civ. R. 65.1.  Under the rule, an order to show cause may include temporary restraints "only under the conditions set forth in Fed. R. Civ. P. 65(b)."  *Id.*  Federal Rule of Civil Procedure 65(b) provides that a temporary restraining order may be issued without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why notice should not be required."  Fed. R. Civ. P. 65(b).

Here, Plaintiff has not made the requisite showing of "immediate and irreparable injury" if an *ex parte* temporary restraining order does not issue to protect Plaintiff's interests in PACA Trust assets.  In support of its application, Plaintiff submits the declaration of one of its authorized agents, who states: "Defendant's failure, refusal, and inability to pay the amount due for produce in the amount of $2,882.75 demonstrate that Defendants are failing to maintain sufficient assets in the statutory trust, and have dissipated and will continue to dissipate trust assets belonging to Gargiulo."  Pakulsky Decl. ¶ 13.  "The mere assertion of nonpayment does not indicate the

insufficiency or misuse of PACA Trust assets." *Frank Gargiulo & Son, Inc. v. Brownstone House, Inc.*, No. CV 20-12433 (SRC), 2020 WL 5542779, at *1 (D.N.J. Sept. 16, 2020).  In sum, there has been no clear factual showing of dissipation such that a temporary restraining order is necessary to prevent Plaintiff from suffering irreparable and immediate injury.

Moreover, Plaintiff fails to make a clear and specific showing why its application for injunctive relief should proceed by way of order to show cause.  The alleged failure to pay in violation of PACA concerns deliveries made by Gargiulo to Defendants between January 23, 2020 and March 11, 2020.  *See* Compl. ¶ 11.  The conduct of which Plaintiff complains appears to date back at least three years ago, belying Plaintiff's assertion that its application should proceed in an expedited manner rather than on motion, with notice to the opposing party.

Notwithstanding Plaintiff's failure to show that emergency relief is warranted under the local rules, the Court will deem Plaintiff's application to proceed by order to show cause with temporary restraints as a motion for preliminary injunction and will set a briefing schedule in accordance with Local Civil Rule 7.1.

Accordingly,

**IT IS** on this 22nd day of June, 2023,

**ORDERED** that, pursuant to Local Civil Rule 65.1, Plaintiff's application for a temporary restraining order [ECF No. 5] is **DENIED**; and it is further;

**ORDERED** that Plaintiff's filing at ECF No. 5 shall be deemed a Motion for Preliminary Injunction and accordingly placed by the Clerk of Court on the active motion calendar, pursuant to Local Civil Rule 7.1; and it is further

**ORDERED** that Plaintiff shall effect personal service of the Complaint, Motion for Preliminary Injunction, and this Order on Defendants on or before **July 14, 2023**; and it is further

**ORDERED** that Defendants shall file opposition to the Motion for Preliminary Injunction on or before **July 24, 2023**; and it is further

**ORDERED** that Plaintiff's reply in further support of its motion shall be filed on or before **July 31, 2023**; and it is further

**ORDERED** that Plaintiff's motion shall be decided on the papers unless the Court notifies the parties that oral argument has been scheduled.

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

4